IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GAIL L. FLANAGAN,**

    **Plaintiff,**

    v.                                         **Civil Action 2:20-cv-2130**
                                                  **Judge Michael H. Watson**
                                                  **Magistrate Judge Jolson**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMENDATION

This matter is before the Undersigned on the Commissioner's Motion to Dismiss, (Doc. 21), which the Undersigned has converted to a Motion for Summary Judgment. For the following reasons, it is **RECOMMENDED** that the Commissioner's Motion be **GRANTED** and that this case be **DISMISSED with prejudice**.

    **I.**    **BACKGROUND**

Plaintiff Gail Flanagan seeks judicial review of the final decision of the Commissioner of Social Security that she was not disabled, and therefore not entitled to Supplemental Security Income ("SSI"). (Doc 3). This matter has an extensive procedural history, relevant to the issues presented in the Commissioner's Motion.

On May 15, 2014, Plaintiff applied for a Period of Disability and both Disability Insurance Benefits ("DIB") (Title II) and SSI (Title XVI) under the Social Security Act ("Act"). (*See* Doc. 21-1 at 8). On February 16, 2017, an Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim for benefits. (*Id*. at 3). Plaintiff then requested review of the ALJ's decision. (*Id*.). Thereafter, on November 2, 2017, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (*Id*.). So Plaintiff filed a civil action in this Court on December 29, 2017,

requesting judicial review of the Commissioner's decision. (*Id*.). On December 18, 2018, this Court remanded the case for further administrative proceedings, and the Appeals Council, in turn, remanded the case to an ALJ on March 10, 2019. (*Id*.). Again, on December 24, 2019, the ALJ issued a decision denying Plaintiff's claim for SSI. (*Id*.). Plaintiff's claim for a Period of Disability and DIB under Title II of the Act, however, is still pending at the administrative level. (*Id*.). Accordingly, as Plaintiff has yet to administratively exhaust that claim, this Court lacks jurisdiction over it. As a result, the Court addresses only Plaintiff's claim for SSI.

The Appeals Council mailed the denial notice to Plaintiff and her legal representative on December 24, 2019. (*Id*.). That notice explained that any written exceptions to the ALJ's decision must be filed within thirty days of receipt, or "alternatively, a new civil action could be filed any time between the 61st and 121st days after the date of [the] notice, i.e., within the 60-day period after the [ALJ]'s decision became final." (*Id*. at 4). As of October 16, 2020, the Social Security Administration was not aware of any request for an extension of time to file a civil action in this case as specified in the Appeals Council's notice, and in 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210. (*Id*.).

Plaintiff has not alleged in her Complaint or otherwise informed the Court that she requested additional time from the Appeals Council. Consequently, the Commissioner moves to dismiss Plaintiff's Complaint as time-barred. (Doc. 21). On November 13, 2020, the Undersigned converted Defendant's Motion to Dismiss to a Motion for Summary Judgment. (Doc. 28). This matter is now ripe for review.

## II.    DISCUSSION

The Commissioner argues that Plaintiff missed her deadline to bring this case, and consequently, this case should be dismissed. (*See generally* Doc. 21). Plaintiff responds that her claim is not time-barred, but even if it is, equitable tolling applies. (*See generally* Doc. 30). The

2

Court fist determines whether Plaintiff's claim is time-barred before turning to the issue of equitable tolling.

### A. Timeliness

Section 405(g) of the Social Security Act, provides the exclusive method of obtaining review of a final decision of the Commissioner. *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided . . . "). This section provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). "Although § 405(g) uses the word 'mailing,' the regulations clarify that the 60-day period begins five days after the date of the denial notice." *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007). The 60-day statute of limitations serves to "move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986).

Further, the Sixth Circuit has established that strict adherence to the filing deadline is necessary to ensure the efficient disposition of Social Security appeals. *See Cook*, 480 F.3d at 436. Indeed, in *Cook*, the Sixth Circuit held that a one-day delay was fatal to the plaintiff's claim. "Although allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." *Id.*; *see also Marthey v. Comm'r of Soc. Sec.*, No. 5:12-CV-2759, 2013 WL 5563724, at *5 (N.D. Ohio Oct. 8, 2013) (dismissing social security appeal that was one-

day late); *Winkelman v. Comm'r of Soc. Sec.*, No. 3:11-CV-1926, 2012 WL 1684602, at *2 (N.D. Ohio Apr. 24, 2012) (same).

Relevant here, "'the Commissioner has adopted different procedures for cases," like this one, "that have previously gone to federal court and have been remanded for further proceedings.'" *Guidry v. Colvin*, No. 16-47-RLB, 2016 WL 6540450, at *3 (M.D. La. Nov. 2, 2016) (quoting *Butler v. Colvin*, 2016 WL 2851319, at *1 (D. Me. May 13, 2016)). After an ALJ issues a decision on a judicially remanded application, "an unhappy claimant is not required to first seek review before the Appeals Council." *Guidry*, 2016 WL 6540450, at *3 (citing 20 C.F.R. § 404.984(a)).

"Rather, if a claimant does nothing, the ALJ's decision will automatically become the Commissioner's final decision unless the Appeals Council chooses to assume jurisdiction on its own." *Id.* (citing 20 C.F.R. § 404.984(a)). The Appeals Council has sixty days to assume jurisdiction. 20 C.F.R. § 404.984(c). If, after sixty days, no exceptions have been filed, and the Appeals Council has not assumed jurisdiction, the ALJ's decision becomes final. 20 C.F.R. § 404.984(d). A claimant then has sixty days from that date to commence a civil action. (*See* Doc. 21-1 at 56–58); *see also Kennedy O/B/O Kennedy v. Comm'r of Soc. Sec.*, No. 2:16-CV-453, 2017 WL 3726052, at *1 (S.D. Ohio Aug. 28, 2017) (noting that plaintiff had two means to challenge the ALJ's denial following a judicial remand—submitting written exceptions within thirty days, or waiting sixty days for the ALJ's decision to become final and filing a civil action within sixty days thereafter).

Here, Plaintiff did not file written exceptions to the ALJ's decision within thirty days, and the Appeals Council did not assume jurisdiction within sixty days. (*See* Doc. 21 at 2). This means that Plaintiff had until April 23, 2020, sixty days from the date the ALJ's decision became final,

4

to file her civil suit. (*See* Doc. 21-1 at 56–58); *see also Kennedy*, 2017 WL 3726052, at *1. But she did not file this case until April 27, 2020—four days late. (*Id.*).

Plaintiff attempts to rely on the five-day grace period, noting that the notice and statute provides that the ALJ's decision is not presumed to have been received until five days after its date. (*See generally* Doc. 30). Notably, Plaintiff cites no case law in support of her position. And the Undersigned is aware of no decision applying the five-day grace period in this context. Rather, Plaintiff's argument is that the statute and notice, when read together, are confusing.

That may be true. But the law is clear that, where the ALJ's decision comes after a federal court's remand, and the claimant did not file exceptions, nor did the Appeals Council assume jurisdiction, the "[claimant] ha[s] sixty days . . . to file a civil action . . ." *Kennedy*, 2017 WL 3726052, at *1 (noting that plaintiff had two means to challenge the ALJ's denial following a judicial remand—submitting written exceptions within thirty days, or waiting sixty days for the ALJ's decision to become final and filing a civil action within sixty days thereafter); *see also Zayid v. Comm'r of Soc. Sec.*, No. 1:19-CV-732, 2019 WL 6974601, at *1 (N.D. Ohio Dec. 20, 2019) (establishing that, although the five-day grace period applied to filing written exceptions to an ALJ's denial following a judicial remand, plaintiff was still required to file his complaint within sixty days of the ALJ's decision becoming final); *Guidry*, 2016 WL 6540450, at *4 (collecting cases and holding that, following judicial remand, the ALJ's decision became final on the 61st day after it was issued, so plaintiff was required to file the lawsuit within 60 days thereafter); *Harris v. Colvin*, No. 3:15-CV-05575-RBL, 2015 WL 9302910, at *1 (W.D. Wash. Dec. 18, 2015) (explaining that the five-day grace period does not apply in this context because "the date of the finality of the decision is not dependent on the date of plaintiffs' receipt of the decision"); *Arrington-Andrews v. Comm'r of Soc. Sec.*, No. 15-10519, 2015 WL 6082424, at *3 (E.D. Mich.

Aug. 25, 2015) (holding that, "[a]fter the [ALJ's] decision [following a judicial remand] became final, Plaintiff had 60 days [] to commence an action in Federal court"); *Baker v. Comm'r of Soc. Sec.*, No. 09-10507, 2010 WL 742616, at *4 (E.D. Mich. Feb. 26, 2010) (finding that plaintiff's complaint was untimely as it was filed sixty-one days after the ALJ's decision, and following a judicial remand).

In sum, because Plaintiff did not timely file this case following judicial remand, her claim is time-barred.

### B. Equitable Tolling

Plaintiff seeks to have her case saved by the doctrine of equitable tolling. Where appropriate, equitable tolling applies to § 405(g)'s statute of limitations. *Cook*, 480 F.3d at 437 (citing *Bowen*, 476 U.S. at 480). Courts consider five factors in determining whether to apply equitable tolling: (1) lack of actual notice of the filing requirement; (2) lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to defendant; and (5) reasonableness in remaining ignorant of the legal requirement for filing her claim. *Cook*, 480 F.3d at 437 (citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001) *abrogated on other grounds by*, Hall v. Warden, Lebanon Corr. Inst., 662 F.3d 745, 750 (6th Cir. 2011)). These factors, "however, are not exclusive; the decision of whether a plaintiff is entitled to equitable tolling depends on the merits of the case." *Simmons v. Comm'r of Soc. Sec.*, No. 2:19-CV-1629, 2020 WL 6390065, at *3 (S.D. Ohio Nov. 2, 2020) (citing *Dixon v. Gonzalez,* 481 F.3d 324, 331 (6th Cir. 2007)). Plaintiff asserts that each of these factors is in her favor. (*See* Doc. 30 at 9–15).

1. *Actual and Constructive Notice*

First, Plaintiff asserts that, "based on the consisten[t] application of the five-day grace period … [Plaintiff] and her representative believed [it] did apply in this case," and as a result, she did not have actual notice of the filing requirement. (*Id*. at 10).  She also contends that she did not have constructive notice of the filing requirement given "significant ambiguity regarding whether th[e] five-day mailing period applie[d] . . . where a claim was previously remanded by the Federal court." (*Id*. at 11).  The record shows otherwise.

As Defendant notes, the ALJ's Notice of Decision (Doc. 21-1 at 56–57), explicitly laid out the filing requirements and deadlines.  Specifically, that exceptions were due within thirty days of the ALJ's decision or that a new civil action must be filed "between the 61st and 121st day after the date of this notice." (*Id*.).  Thus, the notice provided Plaintiff with both actual and constructive notice.  *See Guidry*, 2016 WL 6540450, at *3 ("The clear language of the regulations and the Notice 'belies any claim to legal confusion.'") (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (holding that, to allow equitable tolling due to counsel's "mistake in miscalculating the limitations period . . . would essentially equitably toll limitations periods for every person whose attorney missed a deadline")).  And Plaintiff's actual and constructive notice of these deadlines weighs against equitable tolling.

2. *Plaintiff's Diligence*

The procedural history of this case reflects Plaintiff's diligence, generally.  At the same time, however, Plaintiff appears to have relied on the safety net supplied by the five-day grace period, which does not reflect the same degree of diligence, and in any event, does not apply.  This lack of diligence, too, is not in Plaintiff's favor.

3. *Prejudice to Defendant*

Plaintiff relies on the fact that her Title II claim is still pending at the administrative level, asserting that "[t]he continuation of this case does not prejudice Defendant, as the Court will still have the same disability issues to review and decide." (Doc. 30 at 14). But that does not mean that defending this untimely action would not prejudice Defendant. As explained, "there are millions of applicants for Social Security benefits each year, and [] the lack of a clear filing deadline could create havoc in the system." *Cook*, 480 F.3d at 436. Deviating from this clear rule would, as a general matter, prejudice Defendant's ability to litigate Social Security Appeals.

4. *Reasonableness*

Finally, Plaintiff argues that "it was reasonable for [Plaintiff] and her representative to remain ignorant of the legal requirements for filing her claim." (Doc. 30 at 15). This ignorance, however, is not reasonable. And "misinterpretation of the law does not warrant equitable tolling." *See Guidry*, 2016 WL 6540450, at *5.

\* \* \*

In sum, none of the relevant factors support equitable tolling here. Accordingly, Plaintiff's claim is time-barred, and as "there is no genuine dispute as to any material fact," Defendant is entitled to summary judgment. Fed. R. Civ. P. 56(a).

### III.  CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the Commissioner's Motion (Doc. 21) be **GRANTED** and that this case be **DISMISSED with prejudice**.

### IV.  PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific

8

proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

      IT IS SO ORDERED.


Date: December 22, 2020　　　　　　　　　　　s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE