UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gail L. Flanagan,

    Plaintiff,                           Case No. 2:20-cv-2130

    v.                                      Judge Michael H. Watson

Commissioner of Social Security,          Magistrate Judge Jolson

    Defendant.

## OPINION AND ORDER

Gail L. Flanagan ("Plaintiff") applied for a Period of Disability as well as for Disability Insurance Benefits and Supplemental Security Income. Compl., ECF No. 3, Case No. 2:17-cv-1154. An Administrative Law Judge ("ALJ") denied Plaintiff benefits, and the Appeals Council denied her request to review that decision. *Id.*; R&R 1–3, ECF No. 17, Case No. 2:17-cv-1154. Plaintiff thereafter sued in this Court, and this Court remanded for additional administrative proceedings. Order, ECF No. 18, Case No. 2:17-cv-1154.

On remand, the ALJ again denied Plaintiff's claim for Supplemental Security Income, and the Notice of Decision was mailed to Plaintiff on December 24, 2019. ECF No. 21-1 at PAGEID # 113, Case No. 2:20-cv-2130.[1] Rather than file written exceptions to the Notice of Decision with the Appeals Council, Plaintiff again sued in this Court. Compl., ECF No. 3.

---

[1] Henceforth, references to ECF Nos. are in the instant case—Case No. 2:20-cv-2130.

Magistrate Judge Jolson, to whom this case was referred, issued a Report and Recommendation ("R&R") recommending the Court grant the Commissioner's motion to dismiss, which Magistrate Judge Jolson had converted to a motion for summary judgment. R&R, ECF No. 31. The R&R concluded both that Plaintiff's Complaint in this Court was untimely filed and that equitable tolling should not apply. *Id.* at 3–9. Plaintiff objects.

Because the R&R was issued pursuant to Federal Rule of Civil Procedure 72(b), the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The Undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

On objection, Plaintiff does not contest Magistrate Judge Jolson's conclusion that the five-day mailing rule is inapplicable in this context and that the Complaint in this case was therefore untimely filed. Rather, Plaintiff argues solely that the filing deadline should be equitably tolled. Obj. 2–7, ECF No. 32. As such, the Court adopts without further review the R&R's conclusion that the Complaint was, in fact, untimely filed under 42 U.S.C. § 405(g).

Equitable tolling can apply to the filing deadlines in 42 U.S.C. § 405(g). *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007). In determining whether to apply equitable tolling, the Court considers: **(1)** the lack of actual notice of the filing requirement; (2) the lack of constructive notice of the filing requirement; (3) the diligence with which one pursued her rights; (4) the prejudice

to defendant; and (5) the reasonableness in remaining ignorant of the legal filing requirement. *Id.*

With regard to the first and second factors, Plaintiff argues that her representative's mistaken belief as to the applicability of the five-day mailing period made it so that Plaintiff lacked actual or constructive knowledge of the date of the Notice of Decision for statute of limitations purposes. In other words, although the Notice of Decision was clearly dated December 24, 2019, Plaintiff says her representative believed a five-day mailing rule applied, so she lacked notice that the statute of limitations ran from December 24, 2019, instead of December 29, 2019.

This is essentially a re-casting of the argument that Magistrate Judge Jolson rejected in the R&R. She concluded that the five-day mailing period did *not* apply for purposes of calculating the filing deadline in federal court when an ALJ renders a decision after remand (and the plaintiff does not submit exceptions to the Appeals Council and the Appeals Council does not otherwise assume jurisdiction), and Plaintiff does not object to that finding.

On *de novo* review, the Court agrees Plaintiff had actual notice. The Notice of Decision is plainly dated December 24, 2019. ECF No. 21-1 at PAGEID # 113. It further states that if Plaintiff elected not to file written exceptions with the Appeals Council and the Appeals Council otherwise did not assume jurisdiction on its own, the decision would become final on the sixty-first day "following the date of this notice," and that any federal suit would be due sixty

days after the decision became final: *i.e.*, 120 days "following the date of this notice." *Id.* at PAGEID # 114. These rules are also contained in the statute and Code of Federal Regulations. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 416.1483(a), (e); 20 C.F.R. § 416.1484. Plaintiff therefore had both actual and constructive notice of the filing deadline, and Plaintiff's representative's mistake does not change that fact. *E.g.*, *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005) ("[A]ttorney error is an inadequate justification for equitable tolling in this circuit." (citations omitted)).

Regarding the third factor, the R&R concluded that Plaintiff's reliance on the five-day mailing period reflected a lack of diligence for equitable tolling purposes. The Court agrees with Plaintiff that this mere mistake of the law does not reflect a lack of diligence. It appears Plaintiff generally pursued her claim with diligence and that, if Plaintiff's representative had been correct about the mailing period, the Complaint would have been timely filed. Accordingly, on *de novo* review, the Court finds this factor weighs in favor of equitable tolling.

As for the fourth factor, Plaintiff argues Magistrate Judge Jolson erred in finding that tolling would prejudice the Commissioner. Obj. 5, ECF No. 32. Plaintiff argues that applying a bright-line presumption of prejudice undermines the requirement to apply the tolling principles on a case-by-case basis and that the Court could find a lack of prejudice based on the facts of this case without opening the floodgates to permit a slew of untimely cases. *Id.*

Plaintiff has not, however, argued on objection why the Commissioner would not be prejudiced by tolling based on the facts in this case. Accordingly, Plaintiff's objection on this issue is insufficiently developed and amounts to a waiver. This factor weighs against granting tolling.

Finally, as to the fifth factor, Plaintiff argues that it was reasonable for her representative to remain ignorant of the filing requirement because the applicability of the mailing rule in this situation was "extremely ambiguous." Obj. 5, ECF No. 32. For support, Plaintiff argues the Notice of Decision did not articulate whether the five-day mailing period applied to the deadline for filing suit in federal court, and it was reasonable for her to rely on language in 42 U.S.C. § 405(g) and the implementing Social Security regulations. *Id.* at 5–6.

The Court disagrees. 42 U.S.C. § 405(g) explains the filing deadline that applies to final decisions. In this situation, the ALJ's decision, dated December 24, 2019, became the final decision after sixty days, when Plaintiff had not filed timely written exceptions and the Appeals Council had not assumed jurisdiction on its own accord. *See* 20 C.F.R. § 416.1484(d). Thus, by the time the ALJ's decision even became appealable under § 405(g) as a "final" decision, Plaintiff had possessed that decision for approximately sixty days. It is not reasonable for Plaintiff to assume that a mailbox rule would further extend the deadline for filing suit in a situation where the claimant had possessed the decision for which she sought review long before the statute of limitations even began running. Additionally, although the Notice of Decision itself mentioned the mailbox rule in

discussing Plaintiff's right to file written exceptions, see ECF No. 21-1 at PAGEID # 113, it contained no similar language when explaining the deadline for filing suit in federal court, suggesting no such extension applied, see id. at PAGEID #. 114. The different language used in the two sections also makes Plaintiff's representative's assumption that the mailbox rule applied unreasonable.

Although the Court agrees with Plaintiff that the diligence factor weighs in her favor, the others do not. The Court **ADOPTS** the R&R and **GRANTS** the Commissioner's motion. The Clerk shall enter judgment for the Commissioner and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**